## Gleeson v. Belkin

*Ronald K. Goldberg*, for plaintiffs.
*James T. Bodell, Jr.*, for defendant.

MARUTANI, *J.*, February 14, 1979—Before the court is defendant's motion to dismiss plaintiffs' complaint in trespass. Defendant bases his motion upon the provisions of the Pennsylvania No-fault Motor Vehicle Insurance Act (No-fault Act), section 301(a)(5)(B),[1] which, in pertinent part, reads:

"(a) Partial abolition. Tort liability is abolished with respect to any injury that takes place in this State . . . if such injury arises out of . . . use of a motor vehicle, except that:

• • •

"(5) A person remains liable for damages for non-economic detriment if the accident results in:

• • •

"(B) the reasonable value of reasonable and necessary medical and dental services, including

---

1. Act of July 19, 1974, P.L. 489, Art. III, sec. 301, 40 P.S. §1009.301; effective in 12 months. Constitutionality of the No-fault Act was passed upon in Singer v. Sheppard, 464 Pa. 387, 346 A. 2d 897 (1975).

prosthetic devices and necessary ambulance, hospital and professional nursing expenses incurred in the diagnosis, care and recovery of the victim, exclusive of diagnostic x-ray costs and rehabilitation costs in excess of one hundred dollars ($100) is in excess of seven hundred fifty dollars ($750)."

For present purposes, it appears from the record that minor plaintiff, while a pedestrian, was struck by an automobile operated by defendant; that total medical expenses do not exceed $750. In response to defendant's motion to dismiss, plaintiffs point to the case of Mabey et al. v. Michkins, 7 D. & C. 3d 792, 1 P.C.R. 355 (1978), an opinion by our learned colleague, Judge Lois G. Forer. In dismissing defendant's objections in that proceeding, Judge Forer reasoned:

"No useful purpose would be served by requiring a plaintiff actually to have incurred $750 in medical expenses before filing suit if it can be fairly alleged that the medical expenses are reasonably expected to be in excess of the threshold amount. A contrary ruling would not only raise problems with respect to the statute of limitations but might encourage early, excessive or unnecessary treatment." 7 D. & C. 3d at 795, 1 P.C.R., at 357-358.

While we cannot disagree with Judge Forer's reasoning,[2] at the same time we find that the legislative debates leading up to the passage of the No-

2. Indeed, to the reasons articulated by Judge Forer, we would proffer additional considerations against the $750 threshold criterion as a condition precedent to filing a complaint: what if one did not undergo a reasonable and necessary medical procedure because of (a) inability to pay, or (b) uncertainty in one's own mind as to the medical result, or (c) fear, or (d) religious proscription, etc.?

fault Act fully considered the $750 threshold criterion,[3] and intended such to be met before the institution of suit.

Accordingly, the following is entered:

## ORDER

And now, February 14, 1979, upon consideration of the preliminary objections filed by defendant, Edward Belkin, in the nature of a demurrer (motion to dismiss), directed to the complaint in trespass filed by plaintiffs, Patricia Gleeson, a minor by her parents and natural guardians, John Gleeson and Susanna Gleeson et al. (as well as consideration of the latter's response thereto), it is hereby adjudged, ordered and decreed that plaintiffs' complaint in trespass is dismissed.

---

3. For example, during an unsuccessful effort to amend section 301, it was confirmed that "[y]ou have to accrue $750 in medical expenses to meet the threshold." Legislative Journal-House, p. 4746 (1974). Again at p. 4752, the Hon. James J. Manderino comments:

"When we adopt a threshold provision, we are effectively eliminating from the courts a very high percentage of potential lawsuits. A threshold of $750, as this bill now states, would probably eliminate from court suits, just by the mere fact that you have to achieve that particular threshold, all but about 4 percent of the cases."

That the potential impact of the $750 threshold was considered by the legislature is further confirmed by the vehement declarations of the Hon. William E. Duffield in the Senate:

"Do you mean to tell me that it is logical that if you can accumulate $749 worth of bills, you do not have the right to go into the courts of Pennsylvania and sue? But, if you collect $1.00 more, you can go in and sue for pain and suffering and inconvenience? A very arbitrary figure, indeed!"

Senate Journal, p. 2207 (1974)